# Weaver v. Block.

The Justice cannot usurp the jurisdiction of fence viewers. Where the parties do not agree the viewers must determine whether a new fence is necessary or whether the old fence should be repaired. The object of the Act of 1842, and its supplement, of March 8, 1847, P. L. 200, is to provide a summary remedy to keep up a partition fence.

CERTIORARI—PARTITION FENCES—FENCE VIEWERS— JURISDICTION.

No. 156, October Term, 1902, C. P. of Montgomery county.

Evans, Holland & Dettra, Esqs., Attorneys for plaintiff in error.

Opinion by SWARTZ, P. J., November 17, 1902.

The plaintiff in the above case, without having invoked the remedy provided in the Act of March 11, 1842, P. L. 62, and the supplements thereto, which requires that notice shall be given to the Auditors of the Township or Borough in which parties may reside, who are constituted fence viewers under said Act, to view and examine the line fence between him and his neighbor, and to make out a certificate in writing, setting forth, whether, in their opinion the fence of one, which has been already built, is sufficient, and if not, what proportion of the expense of building a new or repairing the old fence should be borne by each party, setting forth the sum which, in their judgment each party

Weaver v. Block.

ought to pay to the other in case he shall repair or build his proportion of the fence, a copy of which certificate shall be delivered to each of the parties, proceeded to bring suit for one-half of the cost of the partition fence before a Justice of the Peace.

A certiorari was issued out of the said Court to Alan W. Corson, Esq., Justice of the Peace, and the following exceptions filed to the record:

## EXCEPTIONS:

The above named, Benjamin E. Block, defendant below and plaintiff in error, by his attorneys, Evans, Holland & Dettra, files the following exceptions in above case:

1st. The record does not disclose any legal claim against the said defendant.

2nd. The record does not disclose any evidence to support any claim in favor of the plaintiff against the defendant.

3rd. The record does not disclose any case which is cognizable before a Justice of the Peace and over which he had any jurisdiction.

4th. The record is generally defective and no judgment thereon can be sustained.

## OPINION:

The plaintiff built what she terms a line fence. For some reason the defendant refused to pay one-half of the alleged cost of the fence. The Justice determined that the defendant's share of the fence constructed was two dollars and sixty cents. No fence viewers were called in to settle the controversy. It was the duty of the fence viewers to pass upon the sufficiency of the fence as well as to determine what part of the cost should be paid by each. The Justice could not usurp the jurisdiction of the fence viewers. Where the parties do not agree the viewers must determine whether a new fence is necessary or whether the old should be repaired. It

is not alleged that there was any contract between the parties as to the erection of the new fence.

The object of the Act of 1842 and its supplement of March 3rd, 1847, P. L. 200, is to provide a summary remedy to keep up a partition fence, Trego vs. Peirce, 119 Pa. 139.

The exceptions are sustained and the proceedings are set aside and reversed.